ADA TURNER

*vs.*

HENRY E. BURNELL

.Cumberland.   Opinion April 13, 1927.

*The statute, R. S. chapter 87, section 19, authorizing the introduction of equitable defenses in actions at law is in derogation of the common law and must be strictly construed.*

*The affidavit required must allege, with verification under oath, that the matters pleaded by way of defense are true in fact.   A mere statement of belief without asserting knowledge is not sufficient.*

In the case at bar the record does not show compliance with the statutory requirements.

On exceptions to denial of motion by defendant to transfer cause from superior to supreme court for Cumberland county, after the introduction of alleged equitable defenses to an action of trover. Exceptions overruled.

The case sufficiently appears in the opinion.

*Henry C. Sullivan and Francis W. Sullivan* for plaintiff.
*James H. Davidson* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, BASSETT, JJ.

BARNES, J. At the trial of an action of trover, in the Superior Court for Cumberland County, the defendant attempted to avail himself of the privilege accorded by Section 19, Chapter 87, R. S., which reads as follows:—

> "In actions at law in the superior courts, equitable defenses and equitable replies to matters of defense, may be pleaded by filing a brief statement thereof supported by affidavit that the matters so pleaded are true in fact. Thereupon the action shall be transferred to the docket of the supreme court for the same county, and be heard and determined in that court."

Pleading the general issue, defendant further filed,
"for a brief statement of special matter of defense to be used under the general issue pleaded, the Defendant further says: That he wishes to avail himself of the equitable defenses which are open to him, under Chapter 87, Sections 18 and 19 R. S. of Maine, 1916.

Defendant will show constructive fraud in the alleged gift from Plaintiff's husband, to Plaintiff.


### AFFIDAVIT

And now comes James H. Davidson, Attorney for Henry E. Burnell, Defendant in action No. 6655 of *Turner* vs. *Burnell,* now pending in the Superior Court for the said County, on oath deposes and says, that he wishes to avail himself of the equitable defenses which are open to him under Chapter 87, Sections 18 and 19 of the Revised Statutes of 1916, State of Maine, to wit, that there is a constructive fraud against creditors, with the further supposition to secure an order to set aside and nullify the gift as alleged by the plaintiff, to her, by her husband.

The alleged gift from the husband to the wife is in effect, a constructive fraud. Also, that the alleged gift to the wife carried with it the right to the beneficial ownership of the premises to which the proprietorship was in another (The Usufruct), which again was a constructive fraud on the defendant.

JAMES H. DAVIDSON.

Personally appeared before me, James H. Davidson, and swore that the above statements, by him made, are true to the best of his knowledge and belief.

WILLIAM E. PERLIN,

*Notary Public.*     Seal."

Defendant then moved "that this matter be transferred to the Supreme Judicial Court for the said County."

The motion was denied and exceptions taken, after which trial proceeded, with a verdict for the plaintiff.

The statute authorizing the introduction of equitable defenses in actions at law is in derogation of the common law and must be strictly construed.

When pleadings in defense, in full compliance with the statute, are presented to the judge of any of our superior courts, the jurisdiction of that court over the cases ceases with its transfer to the supreme court. The statute is mandatory, "the action shall be transferred."

In the case at bar our only inquiry is, does the record show compliance with the statutory requirements?

To secure transfer, defendant must plead, by way of brief statement, matters of fact which if established will set up an equitable defense. The mere statement, "Defendant will show constructive fraud in the alleged gift from plaintiff's husband, to Plaintiff," is not such pleading as the statute contemplates.

Further, under the requirements of statute as to the affidavit which must be a part of such pleadings, such affidavit must allege, with verification under oath, that the matters pleaded by way of defense are true in fact.

It would seem that the one making oath should allege that he has knowledge of the matters of fact pleaded.

The mere statement that he believes them to be true, without assertion that he has knowledge upon the point is not sufficient.

*Exceptions overruled.*